MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO

In re: : Case No. 2:15-bk-54542
William L Goldsmith
Faith E Goldsmith : Chapter 13

Debtor(s) : Judge: Preston

## FIRST AMENDED CHAPTER 13 PLAN

**NOTE:** The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using the mandatory form plan adopted in this Division. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. section § 101, et seq. The term "BR" shall refer to the Federal Rules of Bankruptcy Procedure. The term "LBR" shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

☑ Amended Plan

All pre-confirmation amendments to an original Mandatory Form Plan shall be accomplished by filing a complete Plan with the changes highlighted or reflected in bold or italic typeface.

☑ Above Median Income | Insolvent unless otherwise marked below: | Dividend to Unsecured Creditors: **4** %
☐ Below Median Income | ☐ Solvent Estate |

Debtor claims to be eligible for discharge under § 1328(f) unless otherwise marked below:

☐ Debtor is not eligible for discharge under § 1328(f)

☐ Joint Debtor is not eligible for discharge under § 1328(f)

Debtor

(1) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on **07-13-2015**

**OR**

(2) converted this case to a case under Chapter 13 on **N/A** ("Petition Date").

## A.    PAYMENTS

### A(1).    Plan Payments.

The future earnings of Debtor are submitted to the supervision and control of the Trustee. Debtor shall pay the Trustee the sum of ***$737.71  per month until the end of the plan***, for a period not to exceed sixty months. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a). The effective date of the Plan shall be the date of entry of an order confirming the Plan.

From the payments so received, the Trustee shall make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. Any increases to monthly mortgage or escrow payments without corresponding changes to the Plan payment may impact the disbursement schedule. The Trustee has the discretion to calculate the amount and timing of distributions as is administratively efficient.

### A(2).    Pre-Confirmation Adequate Protection Payments/Lease Payments.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee, subject to his full fees, to the creditors listed below. Except as provided by § 501(c), secured creditors must file a proof of claim to receive payment. Unless otherwise ordered by the Court, these payments will be retained by the Trustee until confirmation and distributed after confirmation. If the case is dismissed or converted prior to confirmation, the Trustee will distribute the retained payments, pro rata, based on the adequate protection payment amounts.

| Creditor | Property Description | Monthly Adequate Protection Payment |

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

| Creditor | Property Description | Monthly Adequate Protection Payment |
|---|---|---|
| Chase auto | 2015 Ford Escape<br>Miles: 13,000 | $25.00 |

**A(3).    Administrative Expenses, Attorney Fees, and § 1326(b) Priority Payments.**

Administrative expenses, unitemized attorney fees, itemized attorney fees under LBR 2016-1(b)(2)(B), and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims.  The total unitemized attorney fee for services (not to exceed the amount set forth in LBR 2016-1(b)(2)(A)), or the estimated itemized fee under  LBR 2016-1(b)(2)(B) is $  **3,500.00**  .

Debtor's attorney received $ **220.00**   prior to the Petition Date.  The Trustee shall disburse a minimum monthly amount of $ **150.00**  to Debtor's attorney until the balance of $ **3,280.00**   is paid in full.  Fees for independent appraisals of real estate and utility deposits will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim. The Trustee may pay in one lump sum any administrative claim that is less than $500.00

**B.    CLASS 1-CLAIMS SECURED BY REAL PROPERTY**

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

**B(1).    Mortgage Payments Outside the Plan.**

Regular monthly payments on the following mortgage claims will be paid directly by Debtor, if direct payments are permitted by LBR 3015-1(d)(1):

| Creditor | Property Address |
|---|---|
| *Chase Manhattan Mortgage* | 5755 Fawn Dr, Dresden OH 43701 |

**B(2).    Conduit Mortgage Payments.**

Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date,  if conduit payments are required by LBR 3015-1(d)(1) or proposed by Debtor.  Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or servicers of mortgage claims to do all of the following, unless the case is dismissed or converted:
    (a) Apply the post-petition conduit mortgage payments as post-petition monthly payments of principal and interest on the mortgage note, and, if applicable, as post-petition monthly payments of escrowed items such as insurance and/or real estate taxes. If such payments are placed into a suspense, forbearance or similar account, they will be deemed to have been applied pursuant to this subsection.
    (b) Apply the payments received from the Trustee for payment on the arrearage, if any, only to such arrearage. The arrearage shall be deemed paid in full upon the entry of the discharge order in this case, unless otherwise ordered by the Court
    (c) Deem the pre-petition arrearage contractually current upon confirmation of the Plan so as to preclude the imposition of late payment charges or other default-related fees and services.
    (d) File and serve a Notice of Mortgage Payment Change on Official Form 10S1, within the deadline and in compliance with the service requirements set forth in BR 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the Plan. Upon the filing of a Notice of Mortgage Payment Change, the Plan shall be deemed modified to permit the Trustee to disburse the amended payment amount.

| Creditor | Property Address | Monthly Conduit Mortgage Payment |
|---|---|---|
| *-None-* | | |

**B(3).    Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims.  Debtor shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code.  Notwithstanding § 1327(a), confirmation of the Plan shall not be dispositive of:  (i) the valuation of the collateral or (ii) the secured status of the claims.  Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor.

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

| Creditor | Property Address |
|---|---|
| **GE Money Bank**<br>Judgment Lien No. JL78-0144 filed on 10-25-2010 in Common Pleas Court, Muskingum County for $4,808.27 | **5755 Fawn Dr, Dresden OH 43701** |
| **IRS**<br>Federal Tax Lien No. 3308 filed on *12-01-2008* for $80,127.28 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |
| **LVNV Funding LLC**<br>Judgment Lien No. JL84-0140 filed on 01-08-2013 for $1,631.55 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |
| **Ohio Department of Taxation**<br>Tax Lien No. 2014TL00308 filed on 04-23-2014 for $205.29 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |
| **Ohio Department of Taxation**<br>Tax Lien No. 2013TL00455 filed on 06-12-2013 for $836.02 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |
| **Ohio Department of Taxation**<br>Tax Lien No. 2013TL00454 filed on 06-12-2013 for $2,492.09 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |
| **Ohio Department of Taxation**<br>Tax Lien No. 2013TL00453 filed on 06-12-2013 for $5,127.80 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |
| **Ohio Department of Taxation**<br>Tax Lien No. 2013TL00452 filed on 06-12-2013 for $386.23 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |
| **Ohio Department of Taxation**<br>Tax Lien No. 2013TL00451 filed on 06-12-2013 for $676.97 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |
| **Portfolio Recovery Associates, LLC**<br>Judgment Lien No. JL81-0237 filed on 08-05-2011 for $1,751.23 in Common Pleas Court, Muskingum County | **5755 Fawn Dr, Dresden OH 43701** |

**B(4). Liens and/or Mortgages Which May Be Modified.**

Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property *that is not the Debtor's principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of § 506 as set forth by Debtor below.

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
| **-NONE-** | | | | |

**B(5). Real Property to be Surrendered.**

(a) Debtor will surrender the following real property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Address |
|---|---|
| **-NONE-** | |

(b) The Trustee shall not pay any claims secured by this real property until a timely filed secured proof of claim is amended to set forth the unsecured deficiency balance after disposition of the real property. Such amendments shall be filed no later than 365 days after confirmation of the Plan; amendments filed after that date shall be deemed disallowed and subject to discharge under § 1328 unless otherwise ordered by the Court. The Trustee will make no distributions in respect of mortgage payments, mortgage arrearages, or real estate taxes on surrendered real property, unless otherwise provided in the Plan or by order of the Court.

(c) Upon confirmation of the Plan, the automatic stay of § 362 shall be deemed modified to allow *in rem disposition* of the real property as necessary to effect the surrender.

NOTE: If, at any time after confirmation, sufficient funds are not available to make a full monthly payment on all Class 1 claims, at the

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

Trustee's discretion, the available funds will be distributed pro rata on Class 1 claims. Any post-petition mortgage arrearages will be paid prior to payment of Class 2 claims.

C.  **CLASS 2—CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES**

  C(1).  **Lien Retention and Interest.**

  All secured creditors secured only by a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law. Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of __5__ %.

  C(2).  **To Be Paid in Full (i.e., § 506 Does Not Apply).**

  The Trustee shall pay the following claims in full:

| Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| Chase auto | 2015 Ford Escape Miles: 13,000 | 11/01/14 | $18,218.00 | 5% | $25.00 per month until attorney fees have been paid, then $366.00 per month thereafter until paid in full |

  C(3).  **Claims to Which § 506 Applies.**

  (a)  Claims listed in this subsection consist of any claims secured by personal property not described above. To the extent a secured creditor's claim is in excess of the collateral value, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the personal property shall be valued for purposes of § 506 at the lower of the creditor's valuation set forth on its proof of claim or the valuation set forth by Debtor below:

| Creditor | Property Description | Purchase Date | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

  C(4).  **Personal Property to be Surrendered**

  Debtor will surrender the following property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
| -NONE- | |

  C(5).  **Executory Contracts and Vehicle Leases.**

  (a)  Debtor rejects the following executory contract(s) and/or vehicle lease(s) and any resulting claim shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
| -NONE- | |

  (b)  Debtor assumes the executory contract(s) and/or vehicle lease(s) listed below. The Trustee shall pay vehicle lease payments unless otherwise ordered by the Court. Debtor shall pay all other lease or executory contract payments unless otherwise specified below. All payments under this section will begin the first calendar month following the Petition Date.

| Creditor | Property Description | Termination Date | Monthly Payment Amount To be Paid Directly by Debtor | Monthly Payment Amount To be Paid by Trustee |
|---|---|---|---|---|
| -NONE- | | | | |

**NOTE:** If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

### D. CLASS 3-PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS

**D(1).    Priority Claims.**

Class 3 claims will be paid pro rata and concurrently with Class 4 claims. All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim. Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

**D(2).    Domestic Support Obligations.**

(a)    Domestic support obligations (DSOs) as defined in § 101(14A). Debtor shall pay all post-petition DSOs directly to the DSO creditor and not through the Trustee. Upon completion of the Plan, Debtor shall certify to the Court that all payments on post-petition DSOs have been made. If Debtor becomes subject to a DSO during the term of the Plan, Debtor shall file with the Court and serve on the Trustee a notice reflecting the nature of the DSO, and the name and address of the DSO creditor.

Pre-petition arrearages on DSOs shall be paid as follows:

| Name of DSO Creditor | Name & Address of CSEA | Estimated Arrearage Amount, if any, to be Paid Directly by Debtor | Estimated Arrearage Amount, if any, to be Paid by Trustee |
|---|---|---|---|
| -NONE- | | | |

(b)    Name of governmental unit to which a DSO has been assigned, or is owed, or is recoverable by, and the estimated amount of the DSO:

| Creditor | Governmental Unit | Estimated DSO Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
| -NONE- | | | | |

### E. CLASS 4-SECURED CLAIMS NOT OTHERWISE DESIGNATED

**E(1).    Payment of Class 4 Claims.**

Class 4 claims including itemized post-confirmation attorney fees per LBR 2016-1(c), pre-petition mortgage arrearages, pre-petition and post-petition lease arrearages, real estate taxes and other secured claims not otherwise designated shall be paid pro rata, concurrently and in full with Class 3 claims.

**NOTE:** No interest shall be paid on any pre-petition mortgage arrearages as part of the cure of the default if the mortgage was executed after October 22, 1994.

**E(2).    Pre-Petition Arrearages on Real Estate Mortgage(s).**

The Trustee shall distribute payments to cure the following pre-petition mortgage arrearages:

| Creditor | Property Address | Estimated Arrearage Amount |
|---|---|---|
| -NONE- | | |

**E(3).    Arrearages on Assumed Leases and Executory Contracts.**

The Trustee shall distribute payments to cure the following arrearages on assumed leases and/or executory contracts:

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|
| -NONE- | | |

## F. CLASS 5-GENERAL UNSECURED CLAIMS

### F(1). Unsecured Dividend.

After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend as provided on page one of the Plan.

Notwithstanding the expiration of the claims bar date, the Trustee is authorized to modify the Plan post-confirmation to ensure that the plan length meets the "applicable commitment period" provided by § 1325(b) by filing a motion with the Court.

### F(2). Solvency.

If this is a solvent estate, all general unsecured claims shall be paid in full with interest at **5** %, unless otherwise provided.

## G. MISCELLANEOUS PROVISIONS

### G(1). Co-Debtor Claims not Otherwise Provided for in the Plan.

(a) The following co-debtor claims will be paid in full by the Trustee concurrently with Class 4 claims to protect the co-debtor:

| Creditor | To be Paid in Full with Interest at Rate Specified Below | Minimum Monthly Payment, if Applicable |
|---|---|---|
| -NONE- | | |

(b) The following co-debtor claims will be paid as follows:

| Creditor | To be Paid by Co-Debtor Outside the Plan | To be Paid Same Dividend as General Unsecured Claims |
|---|---|---|
| -NONE- | | |

### G(2). Sale of Property.

Debtor proposes to sell the real or personal property described below following Trustee and/or Court approval as required by LBR 6004-1(c)-(d). Debtor shall commit the net proceeds as follows:

| Property Address/Description | Date by Which Sale Shall be Completed | Estimated Net Proceeds | Disposition of Net Proceeds |
|---|---|---|---|
| -NONE- | | | |

### G(3). Tax Returns.

All required tax returns have been filed except as provided below:

| Tax Agency | Type of Tax | Tax Period | Date Return will be Filed |
|---|---|---|---|
| -NONE- | | | |

G(4).    **Vesting.**

Unless marked below, confirmation of the Plan vests all property of the estate in Debtor free and clear of any claim or interest of any creditor provided for by the Plan pursuant to § 1327(b) and (c).

☑    Property of the estate shall not vest in Debtor upon confirmation but shall remain property of the estate until the case is dismissed, converted, or a discharge is issued, whichever occurs first.

G(5).    **Other Events**

If any of the following occurs, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Trustee and/or Court:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, employment claim, workers' compensation claim, unemployment claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

G(6).    **Insurance Information.**

As of the Petition Date, Debtor's property is insured as follows:

| Property Address/Description | Insurance Company | Policy Number | Full/Liability | Agent and Contact Information |
|---|---|---|---|---|
| Real Estate<br>Location: 5755 Fawn Dr, Dresden OH 43701 | Auto-Owners Insurance | 09-085-049-01 | Full | Houston Insurance Agency, Inc.<br>(740) 453-3609 |
| 2004 Ford F150 Pickup Truck<br>Miles: 155.000<br>Location: 5755 Fawn Dr, Dresden OH 43821 | Auto-Owners Insurance | 90-085-049-00 | Full | Houston Insurance Agency, Inc.<br>(740) 453-3609 |
| 2015 Ford Escape<br>Miles: 13,000<br>Location: 5755 Fawn Dr, Dresden OH 43821 | Auto-Owners Insurance | 90-085-049-00 | Full | Houston Insurance Agency, Inc.<br>(740) 453-3609 |

G(7).    **Casualty Loss Insurance Proceeds (Substitution of Collateral).**

If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle. If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim. Debtor may not purchase a replacement vehicle without Trustee and/or Court approval as required by LBR 4001-3(b)–(d).

G(8).    **Post-Petition Debt.**

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval. LBR 4001-3(b)–(d).

## H. SPECIAL PROVISIONS

The Special Provisions listed below, if any, are restricted to those items applicable to Debtor's particular circumstances.

**NOTE:** Special Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7.

| **Special Provisions:** |
|---|
| **1. Debtors shall make plan payments in the amount set forth in this Plan for no less than the applicable commitment period, but not to exceed 60 months. The dividend to be paid to unsecured creditors shall be no less than the dividend set forth on page one of the plan**. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, except as authorized by order of the Court.

Case Attorney:
*/s/ Mitchell C. Marczewski*
Attorney for Debtor(s)
MARCZEWSKI LAW OFFICES LLC
1020 Maple Ave.
Zanesville OH 43701
740-453-8900; 740-453-8988, Fax
mitch@zanesvillelawyer.com

Dated: August 4, 2015 in the year of our Lord

Debtor
/s/ William L Goldsmith
William L Goldsmith

Dated: August 4, 2015 in the year of our Lord

Joint Debtor
/s/ Faith E Goldsmith
Faith E Goldsmith

Dated: August 4, 2015 in the year of our Lord

## NOTICE OF FIRST AMENDED CHAPTER 13 PLAN

Debtor(s) has filed a **First Amended Chapter 13 Plan** with the Court.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the **First Amended Chapter 13 Plan**, then on or before **twenty-one (21) days from the date set forth in the certificate of service**, you must file with the Court a response explaining your position by mailing your response by regular U.S. Mail to United States Bankruptcy Court, 170 North High Street, Columbus, OH 43215 OR your attorney must file a response using the Court's ECF system.

The Court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the Court's ECF System or by 2) regular U.S. Mail to:
? Chapter 13 Trustee, 130 E. Wilson Bridge Rd #200, Worthington OH 43085
? US Trustee, 170 N. High St #200, Columbus OH 43215
? Mitchell C. Marczewski, 1020 Maple Avenue, Zanesville, OH 43701

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the **First Amended Chapter 13 Plan** and may enter and Order granting that relief without further hearing or notice.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                     Best Case Bankruptcy

## **CERTIFICATE OF SERVICE (LBR 9013-3)**

      I hereby certify that on <u>August 4, 2015 in the year of Our Lord</u>, a copy of the foregoing **First Amended Chapter 13 Plan** was served on the following registered ECF participants, **electronically** through the court's ECF System at the email address registered with the Court:

Asst US Trustee (Col)
Joel K Jensen on behalf of Creditor JPMorgan Chase Bank, NA
Mitchell Marczewski on behalf of Debtor William L Goldsmith
Mitchell Marczewski on behalf of Joint Debtor Faith E Goldsmith
Frank M Pees, Chapter 13 Trustee

And on the following by **ordinary U.S. Mai**l addressed to:

```
ACB Recovery |P.O. Box 2548|Cincinnati, OH 45201-2500
American General Financial/Springleaf Fi |Springleaf Financial/Attn: Bankruptcy De|Po Box 3251|Evansville, IN 47731-3251
Attorney General - Rev Rec |150 E Gay St. 21st Floor|Attn: BK/Staff Collections Enforcement|Columbus, OH 43215-3191
Beneficial |P.O. Box 3425|Buffalo, NY 14240-3425
Bureaus Investment Group |1717 Central Street|Evanston, IL 60201-1507
Cap1/kawas |26525 N Riverwoods Blvd|Mettawa, IL 60045-3440
Cardiac Anesthesia Assoc |PO Box 635537|Cincinnati, OH 45263-5537
Cbe Group |1309 Technology Pkwy|Cedar Falls, IA 50613-6976
Cbna |Po Box 6189|Sioux Falls, SD 57117-6189
Century National Bank |14 S 5th St|Zanesville, OH 43701-3526
Chase Card |201 N. Walnut St//De1-1027|Wilmington, DE 19801-2920
Chase Manhattan Mortgage |Attn: Bankruptcy Dept|3415 Vision Dr|Columbus, OH 43219-6009
Chase auto |Attn: National Bankruptcy Dept|Po Box 29505|Phoenix, AZ 85038-9505
Chex Systems |7805 Hudson Rd., Suite 100|Woodbury, MN 55125-1703
CHOICE RECOVERY INC|1550 OLD HENDERSON ROAD|STE 100|COLUMBUS OH 43220-3662
CHOICE RECOVERY INC|1550 OLD HENDERSON ROAD|STE 100|COLUMBUS OH 43220-3662
Client Services, Inc |3451 Harry Truman Blvd|Saint Charles, MO 63301-9816
Common Pleas Court |Muskingum County|401 Main Street|Zanesville, OH 43701-2699
INTERNAL REVENUE SERVICE|CENTRALIZED INSOLVENCY OPERATIONS|PO BOX 7346|PHILADELPHIA PA 19101-7346
DIRECTV LLC|ATTN BANKRUPTCIES|PO BOX 6550|GREENWOOD VILLAGE CO 80155-6550
Eickelberger, Scott Esq. |50 North Fourth Street|P.O. Box 1030|Zanesville, OH 43702-1030
Equifax |P.O. Box 740241|Atlanta, GA 30374-0241
Experian National Consumer Assistance |P.O. Box 2002|Allen, TX 75013-2002
FCC-Columbus, Inc. |P.O. Box 3521|Akron, OH 44309-3521
FFCC |P.O. Box 3521|Akron, OH 44309-3521
Fidelity National Collections |220 E. Main St.|P.O. Box 2055|Alliance, OH 44601-0055
Fidelity Properties In |Po Box 2055|Alliance, OH 44601-0055
Financial Asset Management Systems, Inc. |P.O. Box 451409|Atlanta, GA 31145-9409
Financial Recovery Services, Inc. |P.O. Box 385908|Minneapolis, MN 55438-5908
GE Money Bank |4125 Windward Plaza Drive|Alpharetta, GA 30005-8738
GE Money Bank |4125 Winward Plaza Drive|Alpharetta, GA 30005-8738
GE Money Bank |P.O. Box 981064|El Paso, TX 79998-1064
GECRB/JC Penny |Attention: Bankruptcy|Po Box 103104|Roswell, GA 30076-9104
GECRB/Lowes |Attention: Bankruptcy Department|Po Box 103104|Roswell, GA 30076-9104
Genesis Emergency Physicians, LLC |Po Box 182444|Columbus, OH 43218-2444
Genesis HealthCare System |800 Forest Avenue|Zanesville, OH 43701-2881
Genesis HealthCare Systems |P.O. Box 951540|Cleveland, OH 44193-0017
Genesis Healthcare |800 Forest Avenue|Zanesville, OH 43701-2881
Genesis Healthcare System |P.O. Box 951540|Cleveland, OH 44193-0017
Genesis Healthcare System |P.O. Box 951540|Cleveland, OH 44193-0017
Genesis Hospital |800 Forest Ave.|Zanesville, OH 43701-2821
Genesis Medical Group |945 Bethesda Dr., Suite 200|Zanesville, OH 43701-1880
Genesis Medical Group LLC |P.O. Box L-3211|Columbus, OH 43260-0001
Genesis Physician Services |P.O. Box 182502|Columbus, OH 43218-2502
Genesis Physician Services |Patient Accounts Department|945 Bethesda Dr., Suite 200|Zanesville, OH 43701-1880
Head, David Esq. |323 W Cleveland Ave|Ste 200|Cleveland, OH 44108
Hsbc/elder |95 Washington Street|Buffalo, NY 14203-3006
Hsbc/rs |Attn: Bankruptcy Department|Po Box 5263|Carol Stream, IL 60197-5263
IC System |444 Highway 96 East|P.O. Box 64378|Saint Paul, MN 55164-0378
IRS |P.O. Box 7346|Philadelphia, PA 19101-7346
J.C. Christensen & Associates, Inc. |P.O. Box 519|Sauk Rapids, MN 56379-0519
JPMorgan Chase Bank, N.A. |Chase Bank USA, N.A.|7610 W. Washington St-FL 1 IN1-4054|Indianapolis, IN 46231-1335
Javitch, Block & Rathbone, LLC |ATTN: Stephen P. Babik, Esq.|1100 Superior Avenue, 19th Floor|Cleveland, OH 44114-2521
Javitch, Block, Rathbone |1300 East 9th Street|14th Floor|Cleveland, OH 44114-1501
```

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

Jpm Chase |Po Box 24696|Columbus, OH 43224-0696
Kaplow, Richard Atty at Law |808 Rockefeller Building|614 Superior Ave|Cleveland, OH 44113-1368
Kirschenbaum, Phillips & Levy, P.C. |4645 Executive Drive|Columbus, OH 43220-3601
LVN Funding, LLC |55 Beattle Pl #110 MS#252|Greenville, SC 29601-2165
LVNV Funding LLC |15 South Main St., Ste 700|Greenville, SC 29601-2793
LVNV Funding, LLC its successors and assigns|assignee of Citibank (South Dakota),|N.A.|Resurgent Capital Services|PO Box 10587|Greenville, SC 29603-0587
LVNV Funding, LLC its successors and assigns|assignee of HSBC Private Label|Acquisition Corporation (USA)|Resurgent Capital Services|PO Box 10587|Greenv SC 29603-0587
Leadin Edge Recovery Solutions |P.O. Box 129|Linden, MI 48451-0129
Lvnv Funding Llc |Po Box 10497|Greenville, SC 29603-0497
Mabt - Genesis Retail |Po Box 4499|Beaverton, OR 97076-4499
Midland Funding |8875 Aero Dr|San Diego, CA 92123-2255
Midland Funding LLC |8875 Aero Drive|San Diego, CA 92123-2255
Mpma Inc |Po Box 298|Millville, NJ 08332-0298
Muskingum County Court |27 North 5th Street|Zanesville, OH 43701-3450
Muskingum Emergency Phys. |P.O. Box 1418|Zanesville, OH 43702-1418
Muskingum Valley Health Center |716 Adair Avenue|Zanesville, OH 43701-2836
NAFS |165 Lawrence Bell Dr., Ste 100|P.O. Box 9027|Buffalo, NY 14231-9027
NSE Enterprises |P.O. Box 20790|Columbus, OH 43220-0790
Nageotte, Jennifer Esq. |1100 Superior Avenue, 19th Floor|Cleveland, OH 44114-2521
National Subpoena Processing |Mail Code IN1-4054|Indianapolis, IN 46281
Northstar Location Services, LLC |Attn: Financial Services Dept.|4285 Genesee St.|Buffalo, NY 14225-1943
OHIO BUREAU OF WORKERS COMPENSATION|LAW SECTION BANKRUPTCY UNIT|P O BOX 15567|COLUMBUS OH 43215-0567
Ohio Department of Taxation |Attn: Bankruptcy Division|P.O. Box 530|Columbus, OH 43266-0030
Ohio Dept of Job & Family Services |Bankruptcy Section|30 E Broad St, 32d Floor|Columbus, OH 43215-3414
Orthopedic Associates of Zanesville |P.O. Box 1388|Zanesville, OH 43702-1388
Pietras, Sharon Esq. |323 Lakeside Avenue, West|Cleveland, OH 44113-1085
Portfolio Recovery Ass |120 Corporate Blvd Ste 1|Norfolk, VA 23502-4962
Portfolio Recovery Associates, LLC |GE Money Bank FSB|140 Corporate Blvd|Norfolk, VA 23502-4952
RPM |20186 44th Avenue W|Lynnwood, WA 98036
Radiology Associates of S.E.O., Inc. |838 Market Street|P.O. Box 250|Zanesville, OH 43702-0250
Receivables Performance management, LLC |P.O. Box 1548|Lynnwood, WA 98046-1548
Reis, Allan Esq. |3705 Mariane Drive|Grove City, OH 43123-8895
Revenue Group |P.O. Box 93983|Cleveland, OH 44101-5983
Sears Optical |771 S. 30th St.|Heath, OH 43056-4200
Sears/cbna |Po Box 6282|Sioux Falls, SD 57117-6282
Sears/cbna |Po Box 6497|Sioux Falls, SD 57117-6497
Spahia-Carducci, Mary Esq. |150 East Gay St|21st Floor|Columbus, OH 43215-3191
Surgical Associates of Zanesville |2916 Vangader Drive|Zanesville, OH 43701-1744
Synchrony Bank |4125 Winward Plaza Drive|Alpharetta, GA 30005-8738
Tate & Kirlin Associates |2810 Southhampton Rd|Philadelphia, PA 19154-1207
Time Warner Cable |737 Howard Street|Zanesville, OH 43701-3757
Tnb - Target |Po Box 673|Minneapolis, MN 55440-0673
Transunion |P.O. Box 2000|Chester, PA 19016-2000
Triplett, Bradley Esq. |1100 Superior Avenue, 19th Floor|Cleveland, OH 44114-2521
United Collection Bureau, Inc. |5620 Southwyck Blvd., Suite 206|Toledo, OH 43614-1501
Weisfield Jewelers/Sterling Jewelers Inc |Attention: Bankruptcy|Po Box 1799|Akron, OH 44309-1799
Weltman Weinberg & Reis Co LPA |PO Box 93748|Cleveland, OH 44101-5748
Weltman, Weinberg & Reis Co., LPA |3705 Marian Drive|Grove City, OH 43123-8895
Zale/Sterling Jewelers |Attn.: Bankruptcy|Po Box 1799|Akron, OH 44309-1799
Zanesville Anesthesia Physicians, Inc. |P.O. Box 634146|Cincinnati, OH 45263-4146
Zwicker & Associates, P.C. |P.O. Box 9013|Andover, MA 01810-0913
Faith E Goldsmith |5755 Fawn Dr|Dresden, OH 43821-9750
William L Goldsmith |5755 Fawn Dr|Dresden, OH 43821-9750

*/s/ Mitchell C. Marczewski*
**MITCHELL C. MARCZEWSKI (0073258)**